```
 1  DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
    PATRICIA A. CUTLER, Trial Attorney (#50352)
 2  U.S. Department of Justice
    Office of the United States Trustee
 3  235 Pine Street, Suite 700
    San Francisco, CA 94104
 4  Telephone: (415) 705-3333
    Facsimile: (415) 705-3379
 5

 6  Attorneys for Acting United States Trustee
     SARA L. KISTLER
 7
```

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No. 09-10007 AJ |
| | Chapter 11 |
| LOHREY INVESTMENTS, LLC., | |
| | Date: October 2, 2009 |
| Debtor in Possession. | Time: 10:00 A.M. |
| | Ctrm: Hon. Alan Jaroslovsky |
| | 99 South "E" Street |
| | Santa Rosa, CA |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF U.S. TRUSTEE'S MOTION TO
CONVERT OR DISMISS CASE UNDER 11 U.S.C. § 1112(b)**

The Acting United States Trustee (UST) herein submits this memorandum of points and authorities in support of her motion to dismiss or convert this case to chapter 7 under 11 U.S.C. § 1112(b). The UST asserts that debtor's failure to file monthly operating reports or confirm a plan by the court established deadline constitutes "cause" to dismiss or convert this case. Further benefits may be realized if the trustee in another case Lohrey Enterprises can sell his operating business along with the real property on which his business is operating as a package. To do this a chapter 7 trustee in this case could possibly work to facilitate the sale.

**I.   JURISDICTION AND STANDING**

Pursuant to 28 U.S.C. § 586, the United States Trustee has standing to file a motion to convert a case under chapter 11 pursuant 11 U.S.C. § 1112(b). Section 586(a)(8) of Title 28 added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") states as follows:

(a) Each United States Trustee . . . shall - (8) in any case in which the United States

trustee finds material grounds for any relief under section 1112 of title 11, the United States trustee shall apply promptly after making that finding to the court for relief.

28 U.S.C. § 586(a).

//

## II.　POINTS AND AUTHORITIES

### A.　<u>Cause Exists to Dismiss of Convert This Case to Chapter 7.</u>

Section 1112(b), as revised under BAPCPA, provides in pertinent part:

> [O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b).

Section 1112(b), as revised under BAPCPA, states that, "after notice and a hearing, absent unusual circumstances specifically identified by the court . . ., the court shall convert a [chapter 11 case] to a case under chapter 7 or dismiss a [chapter 11 case], whichever is in the best interests of creditors, if the movant establishes cause." 11 U.S.C. 1112(b). Examples of "cause" for dismissal or conversion encompass both pre- and post-confirmation conduct, including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" (§ 1112(b)(4)(A)); "unexcused failure to satisfy timely any filing or reporting requirement . . ." (§ 1112(b)(4)(F)); and "failure to pay any fees or charges required under chapter 123 of title 28" (§ 1112(b)(4)(K)). The factors specified in section 1112(b)(4) are not exhaustive, and the Court has wide discretion to determine if cause exists to convert or dismiss a chapter 11 case. See generally In re Johnston, 149 B.R. 158 (9th Circ. B.A.P. 1992); In re Tornheim, 181 B.R. 161 (Bankr. S.D.N.Y. 1996); see also In re State Street Assoc., L.P., 348 B.R. 627, 639 n.24 (Bankr. N.D.N.Y. 2006) ("While the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in § 1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not.") (internal citation omitted).

Debtor commenced this case in January 2009. On May 1, 2009, the court established a 90 day deadline in which to confirm a plan. To date, no plan of reorganization or disclosure statement has been filed, and there is no record that the debtor has sought to extend or modify the 90 day deadline

established by the court.  Debtor has failed to file operating reports for the months of February, April, May, June, and July 2009.  U.S. Trustee quarterly fees for the third quarter of 2009 are estimated at $325.  Actual quarterly fees cannot be determined until the monthly reports are filed.  See Declaration of Paralegal Specialist.  In addition it appears Debtor may not be able to reorganize as the only property it has may be over-encumbered,  Debtor's failure to file reports, without excuse, and failure to file a plan, each constitutes cause to dismiss or convert this case.  See 11 U.S.C. §§ 1112(b)(4)(F) and  (K).  Further a trustee in chapter 7 may be able to coordinate with the trustee in Lohrey Enterprises to facilitate sale as a going concern to the benefit of both estates.

**B.     Movant Has Made the Requisite Showing; No Known 'Unusual Circumstances' Exist.**

BAPCPA expanded section 1112(b) to include language in subpart (1) that "absent unusual circumstances" that the requested relief is not in the best interest of creditors the "court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1).

The UST submits that the foregoing facts establish cause to dismiss or convert under section 1112(b).  The UST is not aware of any 'unusual circumstances' that would support having this case remain in chapter 11.

**III.    CONCLUSION**

Based on the foregoing the UST submits that the Court should dismiss or convert this case to chapter 7 for cause.

Dated: August 19,  2009                                  Respectfully submitted,

Sara L. Kistler,
Acting United States Trustee

By: *Patricia A. Cutler, (#50352)*
    Patricia A. Cutler
    Attorney for the U.S. Trustee

MPA IN SUPPORT OF U.S. TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE  09-10007 - 3 -
Case: 09-10007   Doc# 39-1   Filed: 08/24/09   Entered: 08/24/09 09:58:53   Page 3 of 3