PATRICIA H. LYON (State Bar Number 126761)
FRENCH & LYON
Attorneys At Law
a Professional Corporation
22 Battery Street, Suite 404
San Francisco, CA 94111
Telephone: 415-597-7849
Facsimile: 415-243-8200
phlyon@aol.com
Attorneys for Richard Schwalbe,
Chapter 7 Trustee, Lohrey Enterprises, Inc.

JEREMY W. KATZ (State Bar Number 119418)
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003
Email: jkatz@pinnaclelawgroup.com
Attorneys for Jeffrey E. Hutchinson,
Chapter 7 Trustee, Lohrey Investments, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(SANTA ROSA DIVISION)

| | |
|---|---|
| In re:<br><br>LOHREY INVESTMENTS, LLC,<br><br>                      Debtor. | Case No.: 09-10007 AJ 7<br><br>Chapter 7<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER ESTABLISHING BIDDING PROCEDURES AND APPROVING BREAK-UP FEE IN CONNECTION WITH SOLICITATION OF HIGHER OR BETTER OFFERS FOR SALE OF REAL AND PERSONAL PROPERTY**<br><br>**Hearing**<br>Date: January 15, 2010<br>Time: 10:00 a.m.<br>Place: Hon. Alan Jaroslovsky<br>        99 South "E"<br>        Santa Rosa, CA |

-1-
MEMORANDUM IN SUPPORT OF MOTION TO APPROVE
BIDDING PROCEDURE
CASE NO. 09-10007-AJ

Richard Schwalbe, Chapter 7 Trustee ("Schwalbe") of the Bankruptcy Estate of Lohrey Enterprises, Inc., (hereinafter the "WCL Estate") dba West Coast Linen, case number 08-12206, (hereinafter "WCL") and Jeffrey E. Hutchinson ("Hutchinson"), in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of Lohrey Investments, LLC ("Investments Estate") (Schwalbe and Hutchinson together, the "Trustees") submit the following memorandum in support of their motion for an order establishing bidding procedures and approving a break-up fee in connection with the concurrently-filed Motion for Order Authorizing Sale of Assets Fee and Clear of Liens and Approving Agreement Re Consent to Sale of Property and Distribution of Proceeds (the "Sale Motion"). **In accordance with the terms of the Sale Agreement, the proposed Buyer insists on an order approving the bidding procedures and the break up fee prior to the hearing on the Sale Motion, which is set for hearing on January 22, 2010, at 10:00 a.m. in this Court.**

## I. BACKGROUND

WCL formerly operated a commercial laundry on real property owned by Investments located at 8190 Murray Avenue, Gilroy, California (hereafter, the "Real Property"). The Investments Estate owns the Real Property, including all improvements and fixtures located thereon, and all easements, licenses, right of way, permits and all appurtenances thereto. WCL owns the equipment used to operate the commercial laundry (hereafter, the "Equipment"), which Equipment is more particularly described in Exhibit "A" to the Declaration of Richard Schwalbe filed in the Enterprises case (hereafter, "Schwalbe Decl."), and the water and sewer rights owned by WCL in connection with its operations of the laundry facilities (the "Water Rights"). The Real Property, the Water Rights, and the Equipment shall be referred to collectively herein as the "Sale Assets."

WCL filed its voluntary Chapter 11 Petition in this case (hereinafter the "Lohrey Bankruptcy Case") on October 17, 2008. Schwalbe was appointed Chapter 11 Trustee of the WCL Case on November 7, 2008. On November 21, 2008, the WCL Case was converted to a

case under Chapter 7 of the Bankruptcy Code and Schwalbe was appointed Chapter 7 Trustee. See Schwalbe Decl., ¶2.)

On January 5, 2009, Investments filed a voluntary Chapter 11 Petition for Relief in this Court, Case No. 09-10007 (hereinafter the "Investments Case"). (Schwalbe Decl., ¶4.) Hutchinson was appointed Chapter 11 Trustee on October 20, 2009. The Investments case was also converted to a Chapter 7 case and Hutchinson was duly appointed as Chapter 7 Trustee. (Schwalbe Decl., ¶4.)

A drastic downturn in the receipts from the operations of the commercial laundry and the monthly expense for security and utilities at the Real Property have made it necessary for the Trustees to sell the Sale Assets. After lengthy marketing efforts and negotiations, the Trustees have accepted an offer from Angelica Textile Services, Inc. ("Angelica") to pay Four Million One Hundred Thousand Dollars ($4,100,000) for the Sale Assets pursuant to a written Purchase and Sale Agreement (the "Sale Agreement"). The Trustees have separately moved for Bankruptcy Court approval of the sale (the "Sale Motion").

Under the terms of the Sale Agreement, the purchase price is to be paid in cash and is contingent upon terms and conditions as set forth in the Sale Agreement. (Schwalbe Decl., ¶10 and Exhibit "B" thereto.) Among those conditions is the entry of a Sales Procedures Order (*see id*., Ex. B, at ¶2.5) containing at least the following terms (the "Bidding Procedures"):

> In the event that other parties submit competing bids for the Assets, such parties shall make an earnest money deposit equal to the deposit made by Buyer under §2.4 hereof. Bidding increments shall not be less than $100,000. In the event that another bidder makes a higher bid than Buyer and such offer is determined by the Trustees and approved by the Bankruptcy Court to be the highest and best offer, then, subject to application by Buyer and Bankruptcy Court approval, up to $100,000 of such additional bid amount shall be paid to Buyer by Sellers out of the proceeds of sale of the Assets as reimbursement for its actual costs and expenses (including, without limitation, reasonable attorneys' fees) in performing due diligence, preparing and entering into this Agreement, and preparing other documents and taking other actions incident thereto. The Sales Procedures Order shall approve the obligations in this paragraph, which shall thereafter be binding on Buyer and Sellers. *ID*. AT ¶9.16.

**II.     RELIEF REQUESTED AND BASIS THEREFOR**

**Approval of Bidding Procedures**

-3-
MEMORANDUM IN SUPPORT OF MOTION TO APPROVE
BIDDING PROCEDURE
CASE NO. 09-10007-AJ

DB04/521409.0028/2191204.1 MD32
Case 09-10007    Doc# 69-2    Filed: 12/22/09    Entered: 12/22/09 12:14:21    Page 3 of 7
DB04/521409.0028/2194315.1 MD32

By this Motion, the Trustees seek approval of the Bidding Procedures described above, to be implemented in the following form:

At the hearing, the Trustees will consider any higher and better offers for the assets to be sold ("Over Bids"). Over Bids must be on the same terms or conditions provided for in the Agreement (or without contingency), other than the amount of the purchase price.

Angelica has paid a fully refundable earnest money deposit (hereinafter the "Earnest Money Deposit") in the sum of One Hundred Thousand Dollars ($100,000) cash, held in Schwalbe's trust account in the Estate of Debtor in connection with the Agreement. Any person desiring to make an Over Bid must be prepared to make a similar deposit at the hearing. The bidding procedure shall be conducted as follows:

1. All Over Bids are subject to further Over Bids in the minimum amount of $100,000;
2. Over Bids will only be for the purchase of the Sale Assets related to operation of the laundry business;
3. All Over Bids must be made in person at the hearing;
4. Each bidder must prove his or her financial ability to perform at the hearing;
5. Payment of a deposit in the minimum amount of $100,000 must be made in the form of a cashier's check payable to Richard Schwalbe, Trustee to be delivered to counsel for Schwalbe, Patricia H. Lyon, French & Lyon, at the hearing; and
6. Upon receipt of a cashier's check from the successful bidder for the sale price approved by the Bankruptcy Court, the sale of the Sale Assets will be consummated and appropriate documentation delivered to the successful bidder at a place to be mutually agreed upon between Trustees and the buyer.

The Bidding Procedures will permit persons that are interested in purchasing the Sale Assets to engage in competitive bidding in an orderly and efficient format, and will maximize the likelihood that a qualified buyer will be the winning bidder and will promptly close on the sale.

-4-
MEMORANDUM IN SUPPORT OF MOTION TO APPROVE
BIDDING PROCEDURE
CASE NO. 09-10007-AJ

Case: 09-10007    Doc#: 69-2    Filed: 12/22/09    Entered: 12/22/09 12:14:21    Page 4 of 7

**Break-Up Fee**.

In addition, if Angelica is not the winning bidder, as consideration for serving as a stalking horse and putting its due diligence and other up-front expenditures at risk, the Trustees have agreed that Angelica may receive a break-up fee in an amount equal to its actual costs and expenses up to a maximum of $100,000.

### III.  LEGAL AUTHORITY

The Bidding Procedures requested herein should be approved because they (1) are the product of the Trustees' sound business judgment; (ii) are in the best interest of the estates and all other interested parties; (iii) will foster the maximization of the value of the Purchased Assets; (iv) are the result of arm's-length negotiations between the Debtors and Buyer; and (v) will enhance the bidding process.

Bid protections encourage potential buyers to make bids to purchase a company's assets, and typically offer a combination of various incentives such as break-up fees, topping fees and expense reimbursement agreements. *See In re Integrated Resources, Inc.*, 135 B.R. 746, 750 (Bankr. S.D.N.Y. 1992). In this case, Angelica has participated in extensive negotiations, and has incurred and will continue to incur expenses, including due diligence costs and attorneys' fees, as well as the risks (including lost opportunity costs) associated with investigating and negotiating the sale. *See In re APP Plus, Inc.*, 223 B.R. 870, 874 (Bankr. E.D.N.Y. 1998).

Outside of the bankruptcy context, sellers often use bid protections and break-up fees to attract bidders. See *In re Integrated Resources, Inc.*, 135 B.R. at 750; *In re Hupp Indus., Inc.*, 140 B.R. 191, 195 (Bankr. N.D. Ohio 1992). Similarly, numerous bankruptcy courts have approved motions by debtors requesting bid protections and break-up fees. *See Integrated Resources*, 135 B.R. at 751 (citing examples). The rationale for granting bid protections is to encourage a bidder to undertake the expense of trouble of investigating and preparing an initial bid. *APP Plus*, 223 B.R. at 874. A trustee can use the initial offer to demonstrate the attractiveness of the assets and induce higher offers. *See Integrated Resources*, 135 B.R. at 750. At the same time, the initial offeror wants protection that another entity will not rely on the

offeror's efforts, including costly due diligence, to submit a higher bid. See id. Accordingly, bankruptcy courts routinely permit bid protections if they create an incentive for increased bidding on the estate's assets. *Wintz v. American Freightways, Inc*. (*In re Wintz Cos*), 230 BR. 840, 846 (B.A.P. 8th Cir. 1999).

Because the proposed Bidding Procedures here are the product of a sound business decision, made in good faith and with full information, this Court should approve the procedures pursuant to the "business judgment rule." Consistent with *Integrated Resources*, *supra*, 147 B.R. at 657, the indicia of appropriate exercise of business judgment are present here: the parties here reached their agreement at arms length; the fee was necessary to encourage bidding; and the fee here, subject to an upper limit, simply seeks to reimburse Angelica for its actual costs and expenses.

The amount of the proposed break-up fee – a maximum of $100,000, less than 2.5% of the sales price -- is reasonable relative to the proposed purchase price of $4,100,000. Similarly, the overbid increments of $100,000 are reasonable in relation to the purchase price (*cf.*, *Integrated Resources*, approving 3.7% initial overbid increment of $15,000,000 on $565,000,000 transaction, 135 B.R. at 753) and will make for an orderly and efficient bidding process among qualified bidders .

In sum, given the pressing need to proceed with a sale of the Sale Assets; the willingness of Angelica to submit a stalking horse offer if it would be made whole for its fees and expenses should it not be the winning bidder; and the benefits of establishing reasonable qualifications and bidding increments for bidders, the Trustees believe the Bidding Procedures are in the best interests of the bankruptcy estates and their creditors. The Trustees request the Court to enter its Order approving the Bidding Procedures and the Break-Up Fee as set forth herein.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

| | | |
|---|---|---|
| Dated: December 22, 2009 | | FRENCH & LYON<br>A Professional Corporation |
| | By: | /s/ Patricia H. Lyon<br>Patricia H. Lyon<br>Attorney for Richard Schwalbe<br>Chapter 7 Trustee, Estate of Lohrey Enterprises, Inc. |
| | | PINNACLE LAW GROUP LLP |
| Dated: December 22, 2009 | By: | Jeremy W. Katz<br>Jeremy W. Katz<br>Attorneys for Jeffrey E. Hutchinson,<br>Chapter 7 Trustee,<br>Lohrey Investments, LLC |