PATRICIA H. LYON (State Bar Number 126761)
FRENCH & LYON
Attorneys At Law
a Professional Corporation
22 Battery Street, Suite 404
San Francisco, CA 94111
Telephone: 415-597-7849
Facsimile: 415-243-8200
phlyon@aol.com
Attorneys for Richard Schwalbe,
Chapter 7 Trustee, Lohrey Enterprises, Inc.

JEREMY W. KATZ (State Bar Number 119418)
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003
Email: jkatz@pinnaclelawgroup.com
Attorneys for Jeffrey E. Hutchinson,
Chapter 7 Trustee, Lohrey Investments, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(SANTA ROSA DIVISION)

| | |
|---|---|
| In re: | Case No.: 09-10007 AJ 7 |
| | Chapter 7 |
| LOHREY INVESTMENTS, LLC | **MOTION FOR ORDER AUTHORIZING SALE OF ASSETS FREE AND CLEAR OF LIENS AND APPROVING AGREEMENT RE CONSENT TO SALE OF PROPERTY AND DISTRIBUTION OF PROCEEDS** |
| Debtor. | |
| | **Hearing** |
| | Date: January 22, 2010 |
| | Time: 10:00 a.m. |
| | Place: Hon. Alan Jaroslovsky |
| | 99 South "E" |
| | Santa Rosa, CA |

Richard Schwalbe, Chapter 7 Trustee ("Schwalbe") of the Bankruptcy Estate of Lohrey Enterprises, Inc., (hereinafter the "Estate") dba West Coast Lien (hereinafter "WCL"), case no. 08-12206 AJ -7, and Jeffrey E. Hutchinson ("Hutchinson"), in his capacity as Chapter 7 Trustee

-1-

MOTION TO SELL PROPERTY OF THE ESTATE
CASE NO. 09-10007-AJ

of the Bankruptcy Estate of Lohrey Investments, LLC ("Investments") moves this Court (1) for an order authorizing the sale of the real property located at 8190 Murray Avenue, Gilroy, California (hereafter, the "Real Property"), the water and sewer rights ("Water Rights") associated with the Real Property (which rights are owned by the WCL Estate), and the equipment used by WCL in connection with the operation of the commercial laundry at the Real Property described more particularly in Exhibit "A" to Schwalbe's Declaration filed in the WCL case (the "Equipment") free and clear of any interest in such property of any entity other than their bankruptcy estates, including but not limited to the liens of secured creditors Owens Financial Group., Inc., and William C. Owens as Trustee of the Owens Trust (collectively referred to as "Owens"), LOHREY ACQUISITION FUND, LLC (the "Fund"),Vestin Mortgage, Inc. ("Vestin"), Podium Financial Group, Inc. ("Podium"), and the Santa Clara County Tax Assessor ("County") (collectively, the "Lienholders") to Angelica Textile Services, Inc. (hereinafter "Angelica") pursuant to a Purchase and Sale Agreement dated as of November 24, 2009, and (2) for an order approving the terms of a Consent to Sale of Property and Distribution of Proceeds Agreement ("Consent Agreement") entered into among Schwalbe, Hutchinson, and Owens, Vestin, and Podium.

Hereafter Schwalbe and Hutchinson shall be referred to collectively from time to time as the "Trustees." The Real Property, Water Rights, and Equipment shall be referred to collectively from time to time as the "Sale Assets."

**1. Sale Agreement:**

Angelica has offered to pay Four Million One Hundred Thousand Dollars ($4,100,000) for the Sale Assets pursuant to a written Purchase and Sale Agreement (the "Sale Agreement"). Under the terms of the Sale Agreement, the purchase price is to be paid in cash and is contingent upon terms and conditions as set forth in the Sale Agreement. In the Trustees' opinion, based on analysis and investigation, Angelica's offer is the highest and best offer for the Sale Assets.

-2-

MOTION TO SELL PROPERTY OF THE ESTATE
CASE NO. 09-10007-AJ

Case: 09-10007    Doc# 70-1    Filed: 12/22/09    Entered: 12/22/09 12:42:19    Page 2 of 7

Angelica has committed financing[1] which will expire in the near future if a sale is not closed. The business has been marketed widely and many potential buyers declined to make offers for the business because of the deteriorating condition of the real estate.

The Trustees are not aware of any parties claiming liens, charges, or encumbrances on the Sale Assets other than the Lienholders described above. To ensure that the Trustees have not overlooked other possible liens, charges, or encumbrances, Schwalbe has searched the records of the California Secretary of State and determined that no additional pre-petition liens are of record.

**2. Consent Agreement.**

Pursuant to the terms of the Consent Agreement, Owens, Vestin, and Podium have agreed to the sale of the Sale Assets under the terms set forth in the Sale Agreement. Further, those creditors have agreed that a portion of the sale proceeds may be used to pay the Investments Estate for services it has rendered in protecting the Real Property and facilitating the sale of the Sale Assets to Angelica, and to the WCL Estate for expenses associated with Schwalbe's maintenance of the Sale Assets since his appointment as Trustee of the WCL Estate. None of the other secured creditors would otherwise be entitled to receive any proceeds of sale as the Sale Assets are worth far less than the liens of Owens, Vestin, and Podium.

**3. Overbid Procedure:**

Trustees will further ask the Court to consider any higher and better offers for the assets to be sold ("Over Bids"). Over Bids must be on the same terms or conditions provided for in the Agreement (or without contingency), other than the amount of the purchase price.

Parties interested in making Over Bids are hereby notified that Angelica has paid a fully refundable earnest money deposit (hereinafter the "Earnest Money Deposit") in the sum of One Hundred Thousand Dollars ($100,000) cash, held in Schwalbe's trust account in connection with

---

[1] Angelica's financing is through an immediate sale to and lease back from an unrelated third party that has notice of these proceedings.

the Sale Agreement.  Any person desiring to make an Over Bid must be prepared to make a similar deposit at the hearing.  The bidding procedure shall be conducted as follows:

1. All Over Bids are subject to further Over Bids in the minimum amount of $100,000;

2. Over Bids will only be for the purchase of the Sale Assets related to operation of the laundry business;

3. All Over Bids must be made in person at the hearing;

4. Each bidder must prove his or her financial ability to perform at the hearing;

5. Payment of a deposit in the minimum amount of $100,000 must be made in the form of a cashier's check payable to the Estate of the Debtor to be delivered to counsel for Schwalbe, Patricia H. Lyon, French & Lyon, at the hearing; and

6. Upon receipt of a casher's check for the sale price from the successful bidder and the close of escrow, the sale of the Sale Assets will be consummated and appropriate documentation delivered to the successful bidder at a place to be mutually agreed upon between Trustees and the buyer.

**4. Sales Procedure Order:[2]**

Pursuant to Sections 2.5 and 9.16 of the Sale Agreement, the Sale Agreement is contingent, in part, on prior Court approval of the Overbid Procedures set out in paragraph 3, above, and on Court approval of a break-up fee equal to Angelica's actual costs and expenses, but not exceeding $100,000, if the Court approves an Over Bid (the "Sales Procedure Order").  A separate notice of motion requesting entry of the Sales Procedure Order is filed concurrently herewith.

**5. Order Requested:**

In order to accomplish the sale, the Trustees seek an order or orders that:

---

[2] The Trustees anticipate that the Court will enter an order approving the overbid procedures and break up fee before the hearing on this Motion.  The Sale is dependent on these procedures being approved by the Court.

-4-

MOTION TO SELL PROPERTY OF THE ESTATE
CASE NO. 09-10007-AJ

1. The Trustees are authorized to sell the Sale Assets to Angelica for the purchase price of $4,100,000 and in accordance with the terms and conditions that are set forth in the Sale Agreement;

2. The Proceeds are to be disbursed to Schwalbe to hold pending resolution of the dispute between Vestin and Owens, on the one hand, and Podium, on the other hand, with respect to the priorities of their respective claims against the Equipment;

3. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Sale Assets will vest in Angelica all right, title and interest of WCL and Investments and their respective bankruptcy estates in the Sale Assets, free and clear of any interest in such property of an entity other than the estates, including but not limited to the liens, claims or interests of Podium, Vestin, Owens, and the County of Santa Clara Tax Collector (collectively, the "<u>Affected Interests</u>"):

4. Unless the holders of the Affected Interests have agreed to other treatment, their liens, claims, or interests shall attach to the proceeds of the sale with the same force, effect, validity and priority that previously existed against the Sale Assets;

5. The Order shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and are adjudged and declared to be unconditionally released as to the Sale Assets;

6. Buyer has not assumed any liabilities of the Debtors or the Bankruptcy Estates;

7. Trustees are authorized to execute the Sale Agreement and the Consent Agreement to effectuate or consummate the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

8. Schwalbe, Hutchinson, and or Escrow agent upon Schwalbe's and Hutchinson's written instructions, shall be authorized to make such disbursements on or after the closing of the sale as are required by the Sale Agreement or order of this Court, including, but not limited to, (a) a break-up fee to Angelica in the amount set forth in the Sale Agreement in the event Angelica is not the successful bidder at the sale, (b) payment of $490,000 plus the continuing security costs of $14,364 per month through date of consummation of the sale to be distributed to Schwalbe for the benefit of the WCL estate, to be used for administrative expenses, trustee's fees, and creditors of the estate in recognition of Schwalbe's efforts in bringing about the sale (the "Sale Fee"); and (c) payment of $60,000 to be distributed to Hutchinson, as trustee of the Investments estate, for the administration of the Investments estate.

9. Except as otherwise provided in the Motion, the Sale Assets shall be sold, transferred, and delivered to Buyer on an "as is, where is" or "with all faults" basis.

10. Angelica, or the successful Over Bidder, is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Angelica shall be entitled to all protections of Section 363(m) of the Bankruptcy Code;

11. The Order shall be effective immediately upon entry. No automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, or Bankruptcy Rules 6004(h) or 6006(d), shall apply with respect to the Order;

-5-

12. The Court shall retain jurisdiction to enforce and implement the terms and provisions of the Order and the Sale Agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Sale Assets to Angelica or the successful Over Bidder, (b) resolve any disputes arising under or related to the Sale Agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Sale Assets; and,

13. The Sale Agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the WCL Estate.

The sale is contingent upon the terms and conditions as set forth in the Sale Agreement, which is attached as Exhibit B to the Declaration of Richard Schwalbe filed in the WCL case.

This motion is made on the grounds that the sale of the Sale Assets to Angelica is in the best interests of both Bankruptcy Estates and for sound business reasons. If the Sale Assets are not sold to Angelica pursuant to the terms of the Sale Agreement, it is highly likely that the assets owned by WCL in connection with the former operations of the commercial laundry will have to be sold piece-meal at a seriously reduced price. The Real Property is single purpose, having been designed as a commercial laundry. The Real Property has substantially less value if sold without the laundry equipment and water and sewer rights to more than 150,000 gallons per day. The Equipment would have substantially less value if sold separately from the Real Property because it is costly to move. Furthermore, some of the equipment was designed to be operated in a particular manner such as loading and/or unloading linen from the right, left or center that would need to be redesigned and partly rebuilt to operate at a different location.

This motion is based on the supporting Declarations of Richard Schwalbe and Jeffrey E. Hutchinson, and the Memorandum of Points and Authorities, all of which have been filed in the WCL bankruptcy case. To the extent necessary or required, Hutchinson joins in Schwalbe's Motion and Schwalbe joins in this Motion.

///

///

///

1     WHEREFORE, the Trustees pray for an order (1) approving the terms of the Sale Agreement and the Consent Agreement as set forth above; (2) allowing a sale free and clear of the liens of the Lienholders, with the Liens, if any, attaching to the proceeds of sale; (2) authority to execute such documents and take such action necessary to consummate the sale of the Sale Assets to the buyer; and (3) for such other and further relief that the Court deems appropriate.

Dated: December 22, 2009

FRENCH & LYON
A Professional Corporation

By:   /s/ Patricia H. Lyon
Patricia H. Lyon
Attorney for Richard Schwalbe
Chapter 7 Trustee, Estate of
Lohrey Enterprises, Inc.

Dated: December 22, 2009

PINNACLE LAW GROUP LLP

By:   Jeremy W. Katz
Jeremy W. Katz
Attorneys for Jeffrey E. Hutchinson,
Chapter 7 Trustee,
Lohrey Investments, LLC

-7-

MOTION TO SELL PROPERTY OF THE ESTATE
CASE NO. 09-10007-AJ