**Entered on Docket
January 20, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**



**Signed: January 19, 2010**

_____
**ALAN JAROSLOVSKY
U.S. Bankruptcy Judge**
_____

1  PATRICIA H. LYON (State Bar Number 126761)
   FRENCH & LYON
2  Attorneys At Law
   a Professional Corporation
3  22 Battery Street, Suite 404
   San Francisco, CA  94111
4  Telephone: 415-597-7849
   Facsimile: 415-243-8200
5  phlyon@aol.com
   Attorneys for Richard Schwalbe,
6  Chapter 7 Trustee, Lohrey Enterprises, Inc.

7  Jeremy W. Katz (State Bar Number 119418
   Pinnacle Law Group LLP
8  425 California Street, Suite 1800
   San Francisco, CA  94104
9  Telephone:  (415) 394-5700
   Facsimile:   (415) 394-5003
10 Email:  jkatz@pinnaclelawgroup.com
   Attorneys for Jeffrey E. Hutchinson,
11 Chapter 7 Trustee, Lohrey Investments, LLC

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SANTA ROSA DIVISION)

| | |
|---|---|
| In re: | Case No.: 09-10007 AJ 7 |
| | Chapter 7 |
| LOHREY INVESTMENTS, LLC, | |
| | **ORDER (i) ESTABLISHING BIDDING PROCEDURES AND APPROVING BREAK-UP FEE IN CONNECTION WITH SOLICITATION OF HIGHER OR BETTER OFFERS FOR SALE OF REAL AND PERSONAL PROPERTY AND (ii) SETTING HEARING ON SALE MOTION AND RESPONSE DEADLINE** |
| Debtor. | |
| | **Hearing** |
| | Date:   January 15, 2010 |
| | Time:   10:00 a.m. |
| | Place:  Hon. Alan Jaroslovsky |
| | 99 South "E" |
| | Santa Rosa, CA |

THIS MATTER having come before the Court on the Motion ("*Sales Procedures Motion*") of Richard Schwalbe, Chapter 7 Trustee ("*Schwalbe*") of the Bankruptcy Estate of Lohrey Enterprises, Inc., dba West Coast Lien, and Jeffrey E. Hutchinson ("*Hutchinson*"), in

-1-

ORDER ESTABLISHING BIDDING PROCEDURES
CASE NO. 09-10007-AJ

his capacity as Chapter 7 Trustee of the Bankruptcy Estate of Lohrey Investments, LLC (Schwalbe and Hutchinson together, the "Trustees"), for an order approving certain bidding and sales procedures and an expense reimbursement break-up fee in connection with their motion to sell real and personal property of their respective bankruptcy estates and the Court having considered the Motion and its supporting Memorandum, and the record before it; finding that it has jurisdiction to consider the matter pursuant to 11 U.S.C. §363; being advised in the premises; and it appearing to the Court that good cause exists to grant the relief requested;

IT IS FURTHER ORDERED that the following procedures shall apply with respect to other offers for the assets to be sold ("Over Bids")"

1. Any person desiring to make and Over Bid must be prepared to make a similar deposit at the hearing must deposit $100,000.00 cash with the Trustee.

2. The bidding procedure shall be conducted as follows:

    a.    All Over Bids are subject to further Over Bids in the minimum amount of $100,000;

    b.    Over Bids will only be for the purchase of the Sale Assets related to operation of the laundry business;

    c.    All Over Bids must be made in person at the hearing;

    d.    Each bidder must prove his or her financial ability to perform at the hearing;

    e.    Payment of a deposit in the minimum amount of $100,000 must be made in the form of a cashier's check payable to Richard Schwalbe, Trustee to be delivered to counsel for Schwalbe, Patricia H. Lyon, French & Lyon, at the hearing; and

    f.    Upon receipt of a cashier's check from the successful bidder for the sale price approved by the Bankruptcy Court, the sale of the Sale Assets will be consummated and appropriate documentation delivered to the successful bidder at a place to be mutually agreed upon between Trustees and the buyer.

IT IS FURTHER ORDERED that a "Break-Up Fee" is approved as follows: in the event that another bidder makes a higher bid than Angelica and such offer is determined by the

1 Trustees to be the highest and best offer and approved by the Bankruptcy Court, then, subject to
2 application by Angelica and Bankruptcy Court approval, a "Break-Up Fee" of up to $100,000 of
3 such additional bid amount shall be paid to Angelica by Sellers out of the proceeds of sale of the
4 Sale Assets as reimbursement for Angelica's actual costs and expenses (including, without
5 limitation, reasonable attorneys' fees) in performing due diligence, preparing and entering into
6 the agreement for sale of the Sale Assets, and preparing other documents and taking other actions
7 incident thereto.

     IT IS FURTHER ORDERED that the allocation of the sales proceeds shall be determined at a later date pursuant to further court order.

     IT IS FURTHER ORDERED that, notwithstanding anything in the motion to the contrary, the sale shall be free and clear of only named, properly served lienholders in accordance with Local Rule 6004-1. If there is no prior order of this court that the sale is fee and clear of a particular lien, then the sale is subject to the lien.

DATED: January 19, 2010       _____

     Alan Jaroslovsky, U.S. Bankruptcy Judge

-3-

ORDER ESTABLISHING BIDDING PROCEDURES
CASE NO. 09-10007-AJ

Case: 09-10007    Doc# 73    Filed: 01/19/10    Entered: 01/20/10 13:17:02    Page 3 of 3