```
 1  David N. Chandler, Sr.   SBN 60780
    David N. Chandler, Jr.   SBN 235427
 2  DAVID N. CHANDLER, p.c.
    1747 Fourth Street
 3  Santa Rosa, CA  95404
    Telephone: (707) 528-4331
 4
    Attorneys for Owens Trust
 5  and Vestin Mortgage

 6

 7

 8                  UNITED STATES BANKRUPTCY COURT

 9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE:                          Case No. 09-10007

12                                   Chapter 11
     LOHREY INVESTMENTS, LLC,
13                                   MOTION TO DETERMINE SECURED
                                     INTEREST; DECLARATION OF DANNY
14        Debtor.              /     STUBBS; MEMORANDUM POINTS AND
                                     AUTHORITIES
15                                   Date:  August 20, 2010
                                     Time:  9:00 a.m.
16                                   Place: 99 South E St.
                                            Santa Rosa, CA
17

18

19      TO: HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY JUDGE:

20         Vestin Mortgage, Inc., by and through counsel, hereby moves the

21  above entitled Court for an Order Determining the Secured Interest

22  of Podium Financial Group, Inc. in personal property collateral of

23  the estate.

24         Said Motion is made on the grounds that such determination is

25  required in order to divide the net proceeds of a sale. The related

26  estate of Lohrey Investments, Inc., Bk. No. 08-12206, owner of real

27  property, and the Trustee of the within estate entered into an

28  agreement to sell in a unified sale at an unallocated price,
```

1

personal property of the within estate and real property of the related estate. The proceeds of said sale were subject to a "carve out" agreement executed by both the moving party and Podium Leasing. Such carve out provides for a fixed carve out to be prorated between the lienholder secured by the personalty and the lienholder secured by the real estate. The proceeds of the sale, after agreed carve out amounts, are $3,357,181.00.

The only evidence of value of the personal property offered is a conditional offer to purchase the personalty for $850,000.00. Evidence of value of the real property is an appraisal of same conducted on a similar date. The appraised value is $6,300,000.00. The respective valuations based upon the forgoing results in a proration of the said proceeds as follows:

> Vestin Mortgage, Inc.      88.2%
>
> Podium Financial Group, Inc.    11.8%
> (GSL)

Said Motion is made and based hereon, on the appended Declaration of Danny Stubbs and on the appended Memorandum of Points and Authorities.

Dated:   7/23/10                    DAVID N. CHANDLER, p.c.


By: /s/ David N. Chandler
DAVID N. CHANDLER, Attorney for
Vestin Mortgage, Inc.

DECLARATION OF DANNY STUBBS

I, Danny Stubbs, declare and say:

1.   That I am a Vice President of Vestin Mortgage, Inc. and familiar with the files and records of Vestin relating to the loan

1. to Lohrey Investments, Inc. and Lohrey Enterprises, Inc.

2. Vestin Mortgage, Inc. was secured by a Deed of Trust recorded in senior priority as to real property located at 8190 Murray, Gilroy, California.

3. The Note secured by the Deed of Trust has a current balance in excess of $20M.

4. The Trustee in Lohrey Investments, Inc. sold the subject property free and clear of Vestin's lien which was attached by Order to the proceeds of sale. The purchase price was not allocated and represents the combined market value of both the real estate and personal property collateral.

5. Vestin Mortgage, Podium Financial Group, Inc. and the two Trustees entered into a "carve out agreement" whereby a sum certain would be carved out in favor of both bankruptcy estates from the respective liens of Vestin and Podium.

6. As a result of the sale, less the agreed carve outs, the sum of $3,357,181.00 remains to be divided between the two creditors. Since the carve out was to be prorated, we are concerned only with the proration of the proceeds net of the carveout.

7. Attached hereto as Exhibit A is an Offer made to purchase the equipment collateral of Podium. The offer was conditional and was not accepted. Podium relies on the amount of the offer as its valuation and demands that amount from the proceeds despite the fact that it was the highest bid and "replaced" (See Exhibit C).

8. Attached hereto as Exhibit B is an independent appraisal which Vestin had prepared in the ordinary course of management of its portfolio. The appraisal does not include the value of the water rights in which Vestin held a security interest.

1     9.   Assuming the value of the real property is $4M as shown in the appraisal and the value of the personal property is $850K as offered, the net proceeds should be divided 21% to Podium and 79% to Vestin.

    10.   Vestin requests that the respective values be determined and that the proceeds to which liens are attached be divided in an equitable manner.

    Executed under penalty of perjury under the laws of the United States of America this 20th day of July, 2010 at Las Vegas, Nevada.

                                                    /s/ Danny Stubbs
                                                     Danny Stubbs

## MEMORANDUM OF POINTS AND AUTHORITIES

1.   An allowed claim of a creditor secured by a lien on property in which the estate has an interest is secured to the extent of the value of such creditor's interest in the estate's interest in such property. 11 U.S.C. Section 506(a)(1).

2.   To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void. Section 506(d).

3.   Section 506(a) bifurcates a debt into secured and unsecured components. The secured component is the secured debt. In re Glenn, 786 F.2d 1144 (9th Cir. 1986).

4.   It is respectfully submitted that the value of the personal property collateral is a percentage of the proceeds determined by the respective values of the two components of the collateral, less the agreed proration of the carve out.

5.   It is submitted that the collateral be valued as herein

1  provided and that the respective entitlement to the proceeds be
2  determined.
3  Dated:    7/23/10                    Respectfully submitted,
4                                       DAVID N. CHANDLER, p.c.
5
6                                       By: */s/ David N. Chandler*
                                         DAVID N. CHANDLER,
7                                        Attorney for Debtors